CRUZ, PLAINTIFF AND APPELLANT, v. IRIARTE, MUNICIPAL JUDGE, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan in Certiorari Proceedings.

No. 2385.—Decided July 28, 1921.

ATTACHMENT—PERSONAL PROPERTY—CUSTODIAN—NOTICE OF MOTION.—Unquestionably the judge who orders a writ of attachment to issue has the authority to designate a custodian of personal property to be attached in the first instance, or at any time on motion by the defendant, but when after levy of the attachment and delivery of the property to the plaintiff the defendant invokes the said authority of the court, he must give the plaintiff notice of his motion.

The facts are stated in the opinion.

*Messrs. F. Marchán Sicardó* and *E. Díaz Viera* for the appellant.

The appellee did not appear.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In a suit brought by Teodosio Cruz against Alfredo Rivera and Raimundo Salabarria the municipal court ordered an attachment and directed the secretary to issue the writ. The writ issued by the secretary commanded the marshal in the event of a levy upon personal property to deposit the

same with the plaintiff, who, the writ recites, had been designated for that purpose by the court at the instance and under the responsibility of said plaintiff. Pursuant to this writ a truck was attached and delivered to plaintiff.

Thereupon defendants moved the court for an order placing the truck in the possession of one Santiago Araujo, proposed by them, upon the furnishing of a bond in an amount to be fixed by the court. Plaintiff had no notice of this motion. The court then ordered that upon the execution of a bond in the sum of $200 the truck should be delivered to Araujo. This order contained no warning against alienation, nor does the return by the marshal thereon show that any such warning was given. The bond, subscribed and sworn to before the secretary, bears no evidence of acceptance or approval by the municipal judge, or by anyone else as to its sufficiency or otherwise.

The district court, after issuing a writ of certiorari and reviewing the record sent up from the municipal court, dismissed the petition and petitioner, plaintiff in the original suit, appeals.

Sections 5241, 5242 and 5246 of the Compiled Statutes read as follows:

"Sec. 5241.—The attachment and order prohibiting the alienation of real property shall be recorded in the registry of property, the court notifying the defendant thereof, and warning him that he can not alienate the property attached except at public auction and after notice shall have been given to the plaintiff to be present at the sale, the proceeds of such sale to be deposited subject to the order of the court; nor can the defendant alienate, in any case, the property on which a prohibition has been decreed. The alienation of any property in contravention of the provisions of this section, shall be deemed fraudulent for all civil and penal purposes, and the persons guilty of such offence shall also be. punished for contempt of court.

"Sec. 5242.—An order prohibiting the alienation of personal property, and an attachment on the same, shall be effected by de-

positing the personal property in question with the court, or the person designated by it, under the responsibility of the plaintiff. If the defendant give sufficient bond, in the discretion of the court, to cover the value of the said property, the latter shall be deposited with him, under the warning and responsibilities of the preceding section. The owner of personal property under attachment may demand its sale at public auction, after notification to the plaintiff, upon condition that the proceeds of the sale be deposited with the court. Perishable property under attachment, or on which an order prohibiting its sale has been issued, shall be sold at public auction, upon petition of either of the parties, depositing the proceeds thereof as the court may direct.

"Sec. 5246.—All allegations made by either party in the course of the proceedings regarding the remedy shall be substantiated, notifying the other party by means of a summons to appear before any of the judges, each party having then an opportunity to produce their proofs. The court shall immediately decide the question, but in no case shall the incidental questions interfere with the course of the proceedings in the principal question or suit. Not more than five days shall elapse between the time the summons is served, and the appearance of the parties at the hearing, which shall not be suspended for any reason. Every decision of the court shall immediately be carried into effect, but the injured person may protest and declare his intention to take an appeal, as provided in the law of civil procedure, against the final judgment of the court."

The court below construed the section last above quoted as referring to steps taken "during the trial," or after the joinder of issue, in the main action. The English text is not open to that interpretation. The Spanish version, on the other hand, may be read to convey the same meaning that is so unmistakably expressed in English. Where the Legislature later in the same section speaks of the main action it does so in terms that leave no room for doubt either in Spanish or in English.

The statutory provisions in question are contained in "An Act to secure the effectiveness of judgments," approved March 1, 1902. Whether the language in question be construed to refer to the main action or to the attachment pro-

ceedings, there is no specific reference in either text to joinder of issue or to any other particular stage of the controversy. In 1904 the new Code of Civil Procedure was adopted, providing in section 87 that "civil actions in the courts of Porto Rico are commenced by filing a complaint." Whatever doubt might have existed prior to that date, this becomes much more hazy, and, whether the reference be to the main action or not, notice now must be given of every step taken in the attachment proceeding; for the issuance of the auxiliary writ presupposes the existence of a suit and the action is pending from and after the filing of the complaint. We are unable therefore to concur in the conclusion reached by the court below.

It is fair to add that the district judge gives a number of other reasons of a minor sort which are not wholly without merit, but which for want of time we do not undertake to set forth in full, nor to answer in detail. Unquestionably the judge who orders the writ to issue has the power to designate a depositary in the first instance, or on motion by defendant at any time, but when the defendant after levy of the attachment and delivery of the property to plaintiff invokes the power last mentioned he must give the plaintiff notice of his motion. Nor does it necessarily follow from the mere failure to designate a custodian in the order directing the issuance of the writ, or from the fact, if it be a fact, that the clerk exceeded his powers in supplying such omission, that such levy and delivery are so absolutely null and void *ab initio* that a defendant is thereby relieved from his obligation to give notice of a motion for redelivery to him, or to a third person designated by him, of the attached property. The marshal is the arm of the court and the possession of the keeper, servant or agent to whom he may deliver the property as receiptor, after seizure, is the possession of the marshal. In the instant case defendants did not challenge the regularity of the proceedings prior to their

motion, but obviously proceeded upon the theory that the property was legally in the custody of plaintiff, and invoked the authority and discretion conferred upon the court by the terms of section 5242, *supra.* To hold that plaintiff was not entitled to notice of this motion would be to wipe from the statute book the requirement contained in the English version of section 5246. On the other hand, as we have already intimated, to hold that such notice is required does no violence to the Spanish text and harmonizes the two versions upon the only possible basis broad enough to sustain both.

We are reluctant to annul a proceeding of this kind. The right of a defendant in this regard "is a right which should be highly favored because it mitigates the harshness of the proceeding under which a man's property is wrested from his possession in advance of judgment and while the plaintiff's right is still undetermined, and also because it restores the property to commerce or to use." *Lallande* v. *Crandell,* 38 La. Ann. 1925, 2 R. C. L., page 806, par. 6. But the statutory provision for notice of every step taken in the proceeding is mandatory and must be observed.

"The remedy must be closely confined within the limits assigned by the Legislature and can not be extended by implication beyond the terms of the statute creating it; but the court will not push the strict construction so far as to nullify the beneficial intent of the statute and leave the creditor remediless." 6 C. J. page 36, section 12, and cases cited.

The judgment appealed from must be reversed and the proceedings in the municipal court from and after the date of defendant's motion for delivery of the attached property to a custodian named by them must be annulled.

*Reversed and substituted.*

Chief Justice Hernández and Justices Wolf, Del Toro and Aldrey concurred.